UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMLY MILAVONG,<br><br>            Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | Case No.  1:24-cv-00278-JLT-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412**<br><br>(Doc. 23) |

**I.    INTRODUCTION**

Plaintiff Samly Milavong, proceeding with counsel, commenced this Social Security action on March 6, 2024.  (Doc. 1.)  On March 6, 2025, the Court granted Plaintiff's motion for summary judgment and remanded the action for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. 21.)  The Clerk of the Court entered judgment for Plaintiff on the same date.  (Doc. 22.)

On June 4, 2025, Plaintiff filed the instant motion for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA") in the amount of $7,190.03 for 28.55 hours of work.  (Doc. 23-1 at 2.)  On June 5, 2025, the Court encouraged the parties to meet and confer to resolve the motion without Court involvement, and ordered that any opposition to the motion be filed no later than June 25, 2025.  (Doc. 24.)  No opposition or statement of non-opposition has been filed, and the time in which to do so has passed.  The motion was referred to the undersigned pursuant

1

to Local Rule 302(c)(15) and 28 U.S.C. § 636.

Having considered the motion, the record in this case, and the applicable law, the Court will recommend that Plaintiff's motion for EAJA fees be granted.

**II.     DISCUSSION**

**A.  Plaintiff is Entitled to EAJA Fees**

The EAJA provides, in relevant part:

> (A)  Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
>
> (B)  A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.
>
> (C)  The court, in its discretion may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

28 U.S.C. § 2412(d)(1)(A).

Here, the Court finds no dispute that Plaintiff is the prevailing party given that the Court remanded the matter for further administrative proceedings. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded."); *Nichols v. Dudek*, No. 1:24-cv-00217-SKO, 2025 WL 1159062, at *1 (E.D. Cal. Apr. 18, 2025) ("A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA."). The Court further finds, in view

of the Commissioner's failure to oppose the motion, that the Commissioner has not met his burden of showing that the position of the government was substantially justified. *See Bell v. Comm'r of Soc. Sec.*, No. 2:23-cv-2895-DMC, 2025 WL 1433854, at *2 (E.D. Cal. May 19, 2025) (concluding that Commissioner had not met his burden of showing that the government's position was substantially justified where Commissioner did not oppose motion for EAJA fees). Indeed, the Commissioner has not responded to the motion and has not argued that the position of the government was substantially justified or that special circumstances exist that make an award unjust. *Gutierrez*, 274 F.3d at 1258 ("It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award [of EAJA fees] unjust."). Finally, the Court finds Plaintiff's application for EAJA fees is timely because it was filed within thirty days of final judgment in this action.[1] *See Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991) ("In sentence four cases, the filing period begins after the final judgment ("affirming, modifying, or reversing") is entered by the court and the appeal period has run, so that the judgment is no longer appealable."); *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (holding a sentence four remand becomes a final judgment for purposes of attorneys' fees under the EAJA upon expiration of the time for appeal).

For these reasons, the Court finds that Plaintiff is entitled to an award of fees pursuant to the EAJA. *See* 28 U.S.C. § 2412(d)(1)(A).

**B.    The Requested Fee is Reasonable**

An award of attorneys' fees pursuant to the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). The applicant bears the burden of demonstrating the reasonableness of the request. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). In determining whether a fee is reasonable, the court considers the reasonable hourly rate, the hours expended, and the results obtained. *See Comm'r, INS v. Jean*, 496 U.S. 154, 163

---

[1] The term "final judgment" for purposes of the EAJA "means a judgment that is final and not appealable...." 28 U.S.C. § 2412(d)(2)(G). The court entered judgment for Plaintiff on March 6, 2025. (Doc. 22.) The judgment became a non-appealable "final judgment" 60 days later on May 5, 2025. *See* Fed. R. App. P. 4(a)(1)(B) (providing that the notice of appeal may be filed by any party within 60 days after entry of the judgment if one of the parties is the United States, a United States agency, or a United States officer or employee sued in an official capacity).

3

(1990); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Atkins v. Apfel*, 154 F.3d 986, 988 (9th Cir. 1998).

The court may impose a reduction up to 10 percent—a haircut—"based purely on the exercise of its discretion and without more specific explanation." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).) Otherwise, the court must make specific findings to justify a reduction of fees. *Id.*

### 1. Hourly Rates

The EAJA provides that fee awards should be "based upon prevailing market rates for the kind and quality of the services furnished," and that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for increases in the cost of living, on its website. *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005); *Statutory Maximum Rates Under the Equal Access to Justice*, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited June 30, 2025).

Here, Plaintiff requests a rate of $202.78 for work performed in 2020, a rate of $217.54 for work performed in 2021, and a rate of $231.49 for work performed in 2022. (Doc. 23 at 4 ["For the Equal Access to Justice Act, I am requesting an hourly rate of $207.78 for attorney time in 2020, an hourly rate of $217.54 for attorney time in 021, and $231.49 for attorney time in 2022."].) These requested rates are not relevant to the instant action. Rather, a review of the attached billing records indicates that Plaintiff's counsel seeks to recover for work performed in 2024 and 2025 at a rate of $251.84. (*See* Doc. 23-1; Declaration of Plaintiff's Attorney ¶ 4 ["I am requesting EAJA Fees in the amount of **$7190.03**-which constitutes 28.55 hours total-which times $251.84 for work performed in 2024 and 2025."].) The Court notes that the published rate for work performed in 2024 is $251.84. Because no rate is currently posted for work performed in 2025, the applicable rate is that posted for the previous period, i.e., 2024. *See* 28 U.S.C. § 2412(d)(2)(A); *Thangaraja*, 428 F.3d at 876-77; Ninth Circuit Rule 39-1.6; *Statutory Maximum*

*Rates Under the Equal Access to Justice*, available at

https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited June 20, 2025). As the hourly rate requested of $251.84 is within the statutory maximum, and the Commissioner has not opposed the rate, the Court finds the rate reasonable. The Court will therefore apply the requested rate of $251.84 in calculating the attorneys' fees under EAJA.

### 2. Number of Hours

"A district court has wide latitude in determining the number of hours that were reasonably expended by the prevailing lawyers" and may reduce the hours requested if the time claimed is excessive, redundant, or otherwise unnecessary. *Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001); *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988), cert. denied, 493 U.S. 1035, 110 S.Ct. 757, 107 L.Ed.2d 773 (1990).

Plaintiff seeks compensation for a total of 28.55 hours of attorney time spent on this matter, which includes time conducting a preliminary review of the case (2.75 hours), preparing and the opening brief and arguments (21.55 hours), reviewing the Commissioner's opposition brief and conducting research (2.5 hours), and drafting the time itemization for the EAJA motion (1.75 hours). (Doc. 23-1.) The Court finds that the request here appears to be reasonable and the claimed 28.55 hours is well within the range of attorney time that would be expected to have been expended on this matter. *See*, *e.g.*, *Medina o/b/o/ I.I.M. v. Comm'r of Soc. Sec.*, No. 1:21-cv-01441-AWI-SAB, 2022 WL 17986299, at *2 (E.D. Cal. Dec. 29, 2022) (finding 36.0 hours expended to fully brief Social Security appeal and represent plaintiff in act reasonable); *Mao v. Comm'r of Soc. Sec.*, No. 1:20-cv-00006-HBK, 2022 WL 2110684, at *1 (E.D. Cal. June 10, 2022) (awarding EAJA fees for 61.95 hours of attorney time following grant of motion for summary judgment); *Guzman v. Comm'r of Soc. Sec.*, No. 2:20-CV-0468-KJN, 2021 WL 2534462, at *1 (E.D. Cal. June 21, 2021) (awarding EAJA fees for 38 hours spent in prosecution of action and 2.75 hours on opposed EAJA application where the parties stipulated to voluntary remand after plaintiff moved for summary judgment). Therefore, the Court will recommend an award of EAJA fees in the full amount.

///

### 3. Results Obtained

With respect to the results obtained, Plaintiff's counsel obtained a favorable judgment remanding the case for further administrative proceedings. Having reviewed the itemization of hours spent, the Court finds that the requested amount of fees is consistent with the result obtained.

### C. Plaintiff is the Proper Payee Under the EAJA

Plaintiff's counsel has submitted a copy of a fee assignment executed pursuant to a fee agreement. (Doc. 23-2.) However, an attorney fee award under the EAJA is payable to the litigant and is therefore subject to a government offset to satisfy any pre-existing debt owed to the United States by the claimant. *Astrue v. Ratliff*, 560 U.S. 586, 592-93 (2010).

Subsequent to the decision in *Ratliff*, some courts have ordered payment of the award of EAJA fees directly to plaintiff's counsel pursuant to plaintiff's assignment of EAJA fees, provided that the plaintiff has no debt that requires offset. *See Blackwell v. Astrue*, No. CIV 08-1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); *Dorrell v. Astrue*, No. CIV 09-0112 EFB, 2011 WL 976484, at *2-3 (E.D. Cal. Mar. 17, 2011); *Calderon v. Astrue*, No. 1:08-cv-01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010). Here, the Court concludes that the EAJA fee award shall be made payable to Plaintiff; if, however, Plaintiff does not owe a government debt, then the order should not be construed to preclude the payment directly to Plaintiff's counsel pursuant to Plaintiff's assignment.

### III. CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for attorneys' fees under the EAJA (Doc. 23) be granted;
2. Plaintiff be awarded fees in the total amount of $7,190.03 pursuant to the EAJA; and
3. If the government determines that Plaintiff does not owe a federal debt that qualifies for offset, then the fee award be made payable to Plaintiff's counsel pursuant to Plaintiff's assignment of her interest in the fee award.

These Findings and Recommendations will be submitted to the United States District

6

Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **July 1, 2025**             /s/ *Barbara A. McAuliffe*
                                                     UNITED STATES MAGISTRATE JUDGE